UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60156-CR-WILLIAMS

UNITED STATES OF AMERICA,

v.

DANA CHARLES BROBERG,

        Defendant.
_____/

## STIPULATED FACTUAL BASIS

Dana Charles Broberg (hereinafter referred to as "the defendant") individually and by and through his counsel, Joaquin Mendez, Jr., and the United States by and through the undersigned Assistant United States, agree and stipulate that the government would produce evidence of the facts recited below which are a fair and accurate summary of the events and the defendant's involvement in the conduct charged in the underlying Indictment and the charges to which the defendant is pleading guilty.

1.    On June 23, 2012, at approximately 11:39pm, the Margate Police Department (MPD) received information that a 12 year old female minor was missing from her residence located in Margate, Florida. The MPD initiated a missing person investigation and learned that the 12 year old ("M.W.") had been home with her 15 year old sister. When M.W.'s mother returned home at approximately 11:15pm, she discovered that M.W. was gone and immediately contacted the MPD who responded to the scene. M.W.'s mother advised the police that she had recently discovered that M.W. was communicating on the computer and cell phone through email and text messages with an adult male residing in Texas, later identified as the defendant. M.W.'s mother had confiscated

M.W.'s laptop computer and cell phone in an effort to prevent any further contact between her daughter and the defendant. Unbeknownst to her, M.W. continued to communicate with the defendant by utilizing a Wii gaming system to access the internet.

2. Law enforcement was able to recover several emails between M.W. and the defendant and learned that the defendant was using the email address of lunarknight29@gmail.com. The emails detailed a plan that involved the defendant leaving his home in Texas and driving to Florida where he would pick up M.W. at her home. On June 21, 2012, emails were sent from the defendant to M.W. telling her what she should bring with her and that she would need to hurry when he got there to meet him at the end of her street. On June 22, 2012, the defendant emailed M.W. that he had another eight or nine hours to drive until he got to her home. Throughout their conversations, the defendant repeatedly instructed M.W. to delete the emails between them. The defendant also told M.W. that he was driving a silver Chevrolet Maibu. On June 23, 2012 at approximately 10:42pm, the defendant advised M.W. that he was outside her house and to told her to hurry up.

3. Law enforcement was able to determine that the email account of lunarknight29@gmail.com belonged to the defendant who was residing in San Antonio, Texas. Law enforcement was also able to ascertain the defendant's cell phone number. Through exhaustive efforts by several law enforcement agencies, including the Federal Bureau of Investigation (FBI) and the Florida Department of Law Enforcement (FDLE), who were called in to assist with the investigation, it was believed that the defendant and M.W. were driving towards Texas along route I-10. Both an Amber Alert for the victim and a BOLO alert to law enforcement was issued for a silver Chevrolet with the defendant and M.W. as possible occupants of the vehicle.

4.      At approximately 5:17pm on June 24, 2012, the defendant's car was spotted by law enforcement on I-10 in Walton County, Florida. The Walton County Sheriff's Office conducted a traffic stop of the vehicle and identified the occupants as the defendant and M.W. Initially, both the defendant and M.W. claimed that they were siblings. Both were escorted from the traffic stop to the local police department.

5.      The defendant waived his Miranda rights and provided a statement to law enforcement. During this statement, the defendant admitted that he began an online relationship with M.W. approximately 4-5 months ago. The defendant claimed that he did not know M.W.'s exact age but believed that she was around 16 years old. Their relationship was maintained through email, phone calls, text messages and communications on other social networking sites. The defendant admitted that he used the email address lunarknight29@gmail.com when communicating with M.W. During the course of their online relationship, the defendant admitted that he and M.W. talked about engaging in sexual activity with each other. He also admitted that he and M.W. had exposed themselves to each other via webcam and had taken nude pictures of themselves and sent them to each other. The defendant admitted that he had driven from Texas to South Florida for the purpose of picking up M.W. He claimed that he wanted to rescue her from an abusive mother but admitted that was not the only reason that he traveled to South Florida, stating that they had talked about engaging in sexual activity. After picking up M.W. from her residence, the defendant stated that they drove to a Holiday Inn, later identified as being located in Port St. Lucie, where they spent the night. The defendant admitted that once inside the hotel room, he engaged in sexual activity with M.W.

6.      M.W. was also interviewed and she confirmed the information that had been provided by the defendant. M.W. indicated that she and the defendant often communicated with each other

via web cam and used chat services like Tiny Chat and Chatango to be able to visually view each other while chatting.

7. Subsequently, computers, cell phones and other pieces of property were taken into law enforcement custody, either by way of consent or search warrant. These items were found either in the defendant's vehicle or his San Antonio home where he resided with his mother. In addition, numerous search warrants were served on the defendant and M.W.'s cell phone and email providers. A review of the records obtained from the search warrants and forensic examinations of these items conducted by the FBI revealed numerous emails and other communications between the defendant and M.W. Many of these conversations are sexual in nature and involve the defendant and M.W. either acting out sexual fantasies with each other via email or web cam or talking about sexual acts they would engage in once they were together. In one particular series of emails, the defendant instructs M.W. to make sure she brings along a copy of her birth certificate when he picks her up. M.W. then sends the defendant an email to which she attaches an image of her actual birth certificate, clearly indicating her age as 12.

8. The Internet and cellular telephones used by the defendant to communicate with M.W. are instrumentalities of interstate commerce.

9. In the State of Florida, a person is guilty of committing a lewd and lascivious battery when that person engages in sexual activity with a person 12 years of age or older but less than 16 years of age, or encourages or entices any person less than 16 years of age to engage in any act involving sexual activity. Florida law defines "sexual activity" as the oral, anal or vaginal penetration by, or union with, the sexual organ of another, or the anal or vaginal penetration of

another by any other object. Based on the facts of this case, the defendant could be charged with the offense of lewd and lascivious battery.

10. The foregoing events occurred in Broward County in the Southern District of Florida and elsewhere.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 9/26/12        By: *Corey Steinberg*
                         COREY STEINBERG
                         ASSISTANT UNITED STATES ATTORNEY

Date: 9-26-12        By: _____
                         JOAQUIN MENDEZ, JR.
                         ATTORNEY FOR DEFENDANT

Date: 9-26-12        By: *Dana C Broberg*
                         DANA CHARLES BROBERG
                         DEFENDANT